IDA FELDMAN, PLAINTIFF-RESPONDENT, v. SILK CITY BENEVOLENT ASSOCIATION, DEFENDANT-APPELLANT.

Argued October 21, 1938—Decided February 6, 1939.

For the defendant-appellant, *Leo Chrisman, Irving I. Rubin* and *Leo Yanoff*.

For the plaintiff-respondent, *Archibald Krieger*.

The opinion of the court was delivered by

DONGES, J.  Suit was brought in the Passaic County Circuit Court to recover certain death benefits and funeral expenses following the death of plaintiff's husband, Julius Feldman, who was a member of Silk City Benevolent Association, the defendant-appellant.  The allegation in the complaint is that Feldman was admitted to membership on December 6th, 1908; that he paid all dues and assessments, and upon his death plaintiff was entitled to receive certain benefits; these benefits under the by-laws and constitution were the sum of $300 as death benefits and $45 as funeral expenses; that plaintiff has complied with all rules and is entitled to recover.

The answer denied the truth of the matters contained in the complaint and further set up as a separate defense that

plaintiff was not entitled to any moneys under the by-laws, constitution and rules and regulations of the defendant association.

Motion was made to strike the answer. In the affidavit of plaintiff it was asserted that Feldman paid all dues and assessments required to be paid. It further appeared in her affidavit that she was relying upon the by-laws of the defendant association as they existed at the time of the admission to membership of her husband.

The defendant replied by an affidavit of its secretary that Feldman had not paid all dues and assessments required of him up to the time of his death, and that he was at that time in arrears for five quarters.

The pertinent portions of the by-laws as they existed at the time of Feldman's admission to membership were as follows:

### "ARTICLE XI.

"1. If a member has not fully paid up his dues and indebtedness at the meeting, of last payment, to wit: second meeting after the general meeting, he shall not be entitled to any of the Lodge Benefits.

"2. Every member who fails to pay the dues, assessments, taxes, fines or other indebtedness, at the third meeting after the general meeting shall be stricken from the roll of members after the secretary has sent a registered letter to the delinquent member.

"3. A brother in arrears shall not be entitled to any benefit for a period of thirteen weeks after payment."

It appears by the affidavit on behalf of the defendant that the constitution and by-laws of the association at the time of Feldman's admission as a member, and at all times thereafter, provided "All death benefits and funeral expenses are to be determined by this constitution and by-laws and all regularly adopted amendments." On December 9th, 1934, article XI was amended to provide generally that a member who was in arrears for one quarter was not entitled to either sick benefits or any other benefits, excepting a grave, and that the provisions thereof shall be self-executing and no action of any kind need be taken by the association.

The plaintiff-respondent seems to rely upon the contention, and the Circuit Court judge holds in his opinion striking the answer, that the provision of article XI, paragraph 2 of the original by-laws, requiring notice by registered letter before the name of a member is stricken from the roll, deprives the defendant of any defense in the absence of such notice, which admittedly was not given in this case.

We are of the opinion that the learned Circuit Court judge fell into error because, by section 1 of article XI of the original by-laws, if a member was in arrears he was not entitled to any of the lodge benefits, and by section 4 of article XI a member of the lodge for ten years or more, who shall be in arrears to the lodge, shall be entitled to a grave in the cemetery and "no more." The Circuit Court judge seems to have proceeded upon the theory that as long as a membership continued the right to benefits could not be denied. But this is not so. Every member is not necessarily entitled to benefits. His name may be continued upon the roll and he may be entitled to the other privileges of membership but be denied benefits because of failure to pay the dues. This is borne out by the provision in the original by-laws that upon payment of arrearages, thirteen weeks must elapse before the member again becomes entitled to benefits. So that by the express terms of the by-laws and by every rule of reason, the two relations are separable, the one of membership and the other of a right to benefits.

It must be borne in mind that in this case notice of delinquincy was sent to the member but notice that he would be dropped from the rolls was not sent, nor was any action taken to drop him. In that respect this case differs from *Brown* v. *Stein Joelson Benevolent Association,* 12 *N. J. Mis. R.* 685, where notice of delinquency was first required to be given. That situation is not present in this case. It therefore appears that these by-laws as originally drafted, as well as after the amendment, automatically put the decedent out of benefits when he became delinquent.

To succeed, plaintiff must rely upon the original by-laws. In view of the finding that plaintiff cannot recover under the terms of either the original by-laws or the amendment

thereof, it becomes unnecessary to pass upon the validity of the amendment in its application to those who became members prior to its adoption.

The judgment under review is reversed, with costs.

*For affirmance*—TRENCHARD, BODINE, PERSKIE, HETFIELD, WOLFSKEIL, WALKER, JJ.   6.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, PORTER, DEAR, WELLS, RAFFERTY, JJ.   10.